NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FRANCIS R. CASILDO,

Defendant-Appellant.

No. 19-30240

D.C. No. 4:18-cr-00175-BLW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Francis R. Casildo appeals from the district court's judgment and challenges

the 235-month sentence imposed following his jury-trial conviction for possession

with intent to distribute methamphetamine and conspiracy to distribute a controlled

substance, in violation of 21 U.S.C §§ 841(a)(1), (b)(1)(B), (C) and 846.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Casildo contends that the district court abused its discretion by placing undue weight on the need for deterrence to the exclusion of the other 18 U.S.C. § 3553(a) sentencing factors. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the § 3553(a) sentencing factors and the totality of the circumstances, including the need to protect the public and the seriousness of the offense. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court."). Moreover, contrary to Casildo's contention, the record reflects that the district court considered all of the § 3553(a) factors and thoroughly explained its decision to impose the 235-month sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them.").

**AFFIRMED.**